UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-7216-CV-MOORE
MAGISTRATE JUDGE REID

FREDERICK WEBSTER,

      Petitioner,

vs.

MARK INCH,

      Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

Petitioner has filed a *pro se* motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4), arguing that the denial of a prior action under 28 U.S.C. § 2254 is void because "the court acted in a manner inconsistent with due process." [ECF No. 1 at 1]. He contends that the court mistakenly dismissed his § 2254 motion as untimely without considering his actual innocence claim. [*Id*. at 3]. For the reasons explained in this report, the Rule 60(b) motion should be denied.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2]. The Undersigned has not required a response to the motion because the motion can be denied based on the record in this case.

## II. Procedural History

In October 1997, Petitioner filed a petition for writ of *habeas corpus* challenging a state criminal conviction. [ECF No. 1]. That petition was denied as untimely. [ECF Nos. 15, 17]. On February 10, 2000, the denial was affirmed on appeal. [ECF No. 28]. Eight years later, in February, 2008, Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1), (6). [ECF No. 29]. The court denied the motion. [ECF No. 30].

Petitioner filed a second motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and (d)(1) in June 2014. [ECF No. 34]. Petitioner sought to reopen his *habeas corpus* proceedings by arguing that his petition had been erroneously dismissed as time-barred. [*Id*. at 1]. He contended that the case should have been reopened to avoid a "grave miscarriage of justice." [*Id*. at 3]. Petitioner argued that he was entitled to equitable tolling because his state post-conviction motion had been properly filed and therefore tolled the one-year limitations period. [*Id*. at 6]. He also contended that the court's prior dismissal was based on a fraud upon the court and that the court had failed to consider his claim of actual innocence. [*Id*. at 8-12]. The magistrate judge construed the motion as a successive § 2254 petition and recommended it be denied for lack of jurisdiction. [ECF No. 37 at 9, 12]. The district judge adopted the report and dismissed the motion for lack of jurisdiction. [ECF No.

42]. The Eleventh Circuit denied a Certificate of Appealability and dismissed the appeal of the denial of the motion. [ECF No. 49]. In dismissing the appeal, the Eleventh Circuit found that the Rule 60(b) motion was time-barred. [*Id*. at 9]. The court also found that, to the extent the motion was filed as an independent action under Rule 60(d), the motion was barred by the law of the case doctrine. [*Id*. at 10-11].

### III. Discussion[1]

A Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal *habeas* proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Under such circumstances, the motion is properly brought under Rule 60(b). *Id.* at 533 (finding motion that alleged federal court misapplied federal statute of limitations was properly filed as a Rule 60(b).)

Petitioner argues that the court failed to consider new evidence of actual innocence before finding his prior petition was time-barred. [ECF No. 50 at 4]. This is the same claim raised in his prior Rule 60 motion. [ECF No. 34 at 10-13]. In the appeal of the denial of that prior motion, the Eleventh Circuit found that the claim was untimely and barred by the law of the case. [ECF No. 49 at 9-11]. The court

---

[1] Petitioner's motion was initially opened as a new case by the clerk. Upon review it was determined that Petitioner was actually challenging the denial of his prior § 2254 and the clerk was directed to file the motion in this case. *See* 20-61070-CV-SCOLA [ECF No. 1, 3].

went on to find that even if the District Court had not considered his new evidence and actual innocence claim, the Petitioner was not entitled to relief because he had failed to make the requisite showing of actual innocence. [*Id*. at 12] The court found that the evidence proffered was not new and that it failed to establish a reasonable likelihood that the outcome at trial would have been different. [*Id*.].

Petitioner's attempt to cast this claim as a challenge to a void judgment is unavailing. Under Rule 60(b), a court may relieve a party from a final judgment if the judgment is void. *See* Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010). Petitioner has not alleged or established that the court lacked jurisdiction to enter the judgment denying his first petition as time-barred.

Petitioner argues that the judgment is void because the court denied him due process by failing to consider his claim that newly discovered evidence established his actual innocence. Contrary to Petitioner's contention, the Eleventh Circuit specifically addressed his claim of newly discovered evidence and found that the evidence was not newly discovered nor did it establish Petitioner's actual innocence. Since Petitioner's arguments were considered he cannot show that he was denied an

opportunity to heard and therefore cannot challenge the prior judgment under Rule 60(b)(4) as a denial of due process. The motion should be denied as meritless.

### IV.     Conclusions and Recommendations

Based on the foregoing, it is recommended that:

1. the Rule 60(b) motion to vacate [ECF No. 50] be DENIED; and

2. the case closed.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Signed this 27th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Frederick Webster
      856553
      Union Correctional Institution
      Inmate Mail/Parcels
      7819 NW 228th Street
      Raford, FL 32026
      PRO SE

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com