**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:97-cv-07216-KMM

FREDERICK WEBSTER,

    Petitioner,
v.

SECRETARY OF FLORIDA
DEPARTMENT OF CORRECTIONS,

    Defendant.
                                       /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Petitioner Frederick Webster's ("Petitioner") Motion to Vacate Void Judgment. ("Mot.") (ECF No. 50). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Motion be DENIED. ("R&R") (ECF No. 51). Petitioner filed objections. ("Objs.") (ECF No. 55). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging a state criminal conviction in 1997. ("2254 Mot.") (ECF No. 1). The Court denied

the petition as untimely, and the United States Court of Appeals for the Eleventh Circuit affirmed. (ECF Nos. 15, 17, 28). In 2008, Petitioner filed a motion to vacate pursuant to Rule 60 of the Federal Rules of Civil Procedure. ("First Rule 60 Mot.") (ECF No. 29). The Court denied that motion as well. (ECF No. 30). In 2014, Petitioner filed a second motion to vacate. ("Second Rule 60 Mot.") (ECF No. 34). The Court construed the Second Rule 60 Motion as an unauthorized successive § 2254 petition and denied for lack of jurisdiction. (ECF Nos. 37, 42). Petitioner appealed, but the Eleventh Circuit dismissed the appeal, finding that any motion brought under Rule 60(b) was time-barred and Petitioner's argument that the Court failed to account for statutory tolling was barred by the law of the case doctrine. (ECF No. 49). The Eleventh Circuit further found that, in any event, Petitioner failed to make the requisite showing of actual innocence. *Id.*

In the Motion, Petitioner argues that the Court failed to consider new evidence of his actual innocence in deeming the § 2254 Petition time-barred, and that such new evidence entitled Petitioner to equitable tolling. *See generally* Mot.

As set forth in the R&R, Magistrate Judge Reid finds that the Motion is meritless. *See generally* R&R. Specifically, Magistrate Judge Reid finds that Petitioner's argument that the Court, in 1997, failed to consider new evidence of actual innocence is the same argument Petitioner made in the Second Rule 60 Motion. *Id.* at 3. Magistrate Judge Reid notes that not only did the Eleventh Circuit find the claim to be untimely and barred by the law of the case doctrine, but that even if the Court had failed to the alleged new evidence, Petitioner failed to make the requisite showing of actual innocence to entitle him to relief. *Id.* at 3–4. Further, Magistrate Judge Reid finds that Petitioner failed to successfully argue that the judgment in question is void under Rule 60(b)(4) because Petitioner has not established that (1) the Court lacked jurisdiction to enter the judgment denying the First Rule 60 Motion as time-barred, or (2) Petitioner was denied due

process. *Id.* at 4–5. Accordingly, Magistrate Judge Reid recommends that the Motion be denied. *Id.* at 5. This Court agrees.

In the Objections, Petitioner merely re-hashes the arguments presented in his myriad motions to vacate judgment, including the instant Motion. *See generally* Mot. Objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (citations omitted) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R."). Because Petitioner has not properly objected to the R&R, "the [C]ourt need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015). The Court finds no clear error here.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's Report and Recommendation (ECF No. 51) is ADOPTED and Petitioner's Motion to Vacate Judgment (ECF No. 50) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  19th  day of February, 2021.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record